**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN M. TUCCI,

        Plaintiff,

v.                              CASE NO. 8:00-CV-785-T-17-TBM

SMOOTHIE KING FRANCHISES, INC.,
a Louisiana Corporation; and NICOLE
SKAGGS,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Smoothie King's Motion to Dismiss (Dkt. No. 20); Smoothie King's Memorandum of Law in Support of its Motion to Dismiss (Dkt. No. 21); and Memorandum in Opposition to Defendant Smoothie King's Motion to Dismiss (Dkt. No. 26).

### Background

In January 1997, Plaintiff, Steven Tucci (Plaintiff) participated in the formation of a Florida corporation, Sarasota Sports, Incorporated, in which he was to receive a 33 1/3% interest. Sarasota Sports then purchased a franchise from Defendant Smoothie King Franchises, Incorporated (Defendant Smoothie King), a franchiser of blended fruit drink and nutritional product stores.

Because Plaintiff was involved in other business ventures, he represented to the managing shareholders, Brad Long and Eric Long, that he was unable to sign a noncompete agreement or confidentiality agreement with Defendant Smoothie King. As a result, Plaintiff was precluded from participating in Sarasota



Sports and its operation of the Smoothie King franchise. Plaintiff then filed suit in state court against Sarasota Sports, Brad Long, and Eric Long. As a result of this proceeding, Plaintiff became aware of two agreements, containing Plaintiff's signature, which bound Plaintiff to the noncompetition and confidentiality provisions of the Smoothie King Franchise Agreement. Plaintiff alleges that he did not sign the notarized agreements, and the notary public acknowledged that Plaintiff was not present when she notarized the agreements. Defendant Nicole Skaggs (Defendants Skaggs) witnessed Plaintiff's signatures on the allegedly forged documents; however, on the date that Defendant Skaggs witnessed Plaintiff's signature, Plaintiff claims that he was on vacation.

After learning of the existence of the alleged forged documents, Plaintiff notified Defendant Smoothie King that his signature was forged; however, Defendant Smoothie King insisted on strict compliance with the agreements. Additionally, Defendant Smoothie King threatened to divest Plaintiff of his interest in the Sarasota Smoothie King franchise and refused to discuss allowing Plaintiff to open other Smoothie King stores in Florida. In July 1998, Plaintiff invested in a fruit drink and nutritional product store called "R.J. Smoothy's Corporation." Because Defendant Smoothie King threatened to divest Plaintiff of his interest in the Sarasota Smoothie King franchise, Plaintiff was forced to sell his interest in the R.J. Smoothy store.

On December 20, 2001, Plaintiff filed suit in this Court, alleging that Defendant Smoothie King and Defendant Skaggs conspired to restrain trade in violation of federal and state

2

antitrust laws; that the Defendants conspired to defraud Plaintiff; that the Defendants intentionally interfered with Plaintiff's business relationship with R.J. Smoothy Corporation; and that the Defendants intentionally inflicted emotional distress on Plaintiff. Defendant Smoothie King now moves to dismiss the complaint.[1]

## Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 56-46 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, a plaintiff may not merely "label" claims to survive a motion to dismiss. Blumel v. Mylander, 919 F. Supp. 423, 425 (M.D. Fla. 1996). At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. Executive 100, Inc. v. Martin County, 922 F.2d 1536 (11th Cir. 1991).

---

[1] Defendant Skaggs previously filed a Motion to Dismiss with this Court, which this Court denied. As such, this Order pertains only to Defendant Smoothie King.

CASE NO. 8:00-CV-785-T-17-TBM

To satisfy the requirements of notice pleading in an antitrust complaint, "enough data must be pleaded so that each element of the alleged antitrust violation can be properly identified." Quality Foods v. Latin American Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983). "Conclusory allegations that the defendant violated the antitrust laws and the plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief." Id.

## Discussion

### I. Antitrust Claims[2]

The purpose of the Sherman Antitrust Act is to protect competition, not individual competitors. Brown Shoe Co. v. U.S., 370 U.S. 294, 320 (1962)). The elements of a Section 1 claim are that: "1) a conspiracy exists between two or more entities and 2) the conspiracy unreasonably restrains trade." Boczar v. Manatee Hosp. & Health Sys, Inc., 731 F. Supp. 1042, 1046 (M.D. Fla. 1990).

Two different methods of analyses are used to determine whether conduct violates the second element: the rule of reason and the per se rule. Id. If the suspect conduct constitutes per se an unreasonable restraint in trade, element two is satisfied. Id. Here, Plaintiff alleges that Defendant Smoothie King threatened to enforce the terms of a notarized agreement between Plaintiff and Defendant Smoothie King. As such, Defendant

---

[2] Because Florida's antitrust statutes are construed in accordance with the federal antitrust statutes, the Court will address Counts I and II collectively. Levine v. Central Fla. Med. Affiliates, Inc., 72 F.3d 1538, 1556 n. 20 (11th Cir. 1996).

4

CASE NO. 8:00-CV-785-T-17-TBM

Smoothie King's conduct is not per se an unreasonable restraint on trade. Therefore, the rule of reason analysis applies.

Using the rule of reason analysis, Plaintiff must allege that Defendants' conduct had an "impact upon competition in his particular . . . profession, and not just upon [his] business." Id. (quoting Feldman v. Jackson Memorial Hospital, 571 F. Supp. 1000, 1008 (S.D. Fla. 1983)). A plaintiff fails "to state a section 1 offense by failing to allege 'that the alleged restraint on trade tends or is reasonably calculated to prejudice the public interest.'" Quality Foods, 711 F.2d at 989 (quoting Larry R. George Sales Co. v. Cool Attic Corp., 587 F.2d 266, 273 (5th Cir. 1979)).

Here, Plaintiff alleges that Defendant Smoothie King threatened to enforce an agreement that was notarized with Plaintiff's forged signature. However, Plaintiff fails to allege facts that show that Defendant Smoothie King's conduct had an "impact upon competition in his particular . . . profession, and not just upon [his] business." Moreover, Plaintiff's complaint fails to aver that the alleged restraint on trade was reasonably calculated to prejudice the public interest. Taking the allegations in the complaint as true, the Court finds no facts or allegations that could show that Defendant Smoothie King engaged in or conspired to engage in conduct that was a restraint of trade.

Additionally, to state a cause of action for a civil conspiracy, a plaintiff must allege: 1) an agreement between two or more parties to achieve an illegal objective; 2) an overt act in furtherance of that illegal objective; and 3) resulting

5

injury. <u>Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.</u>, 140 F.3d 898 (11th Cir. 1998). Plaintiff does not allege, or provide the Court with, sufficient facts to infer an agreement between Defendant Smoothie King, Defendant Skaggs and "persons" necessary to support a claim under Section 1 of the Sherman Antitrust Act. Although Plaintiff uses all of the right "buzz words," Plaintiff fails to allege what the "overall objective" of the conspiracy was or what overt act was. For the forgoing reasons, Count I and II must be dismissed.

## II. Standing to Bring Antitrust Claims

A private plaintiff seeking damages under the antitrust laws must establish standing to sue. Antitrust standing requires more than the "injury in fact" and the "case or controversy" that Article III of the United States Constitution requires. <u>Todorov v. DCH Healthcare Auth.</u>, 921 F.2d 1438, 1448 (11th Cir. 1991). In this Circuit, the courts use a two-pronged approach to determine whether a plaintiff has standing to bring an antitrust lawsuit. <u>Id.</u> First, the plaintiff must establish that it has suffered "antitrust injury," or "injury of the type that the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." <u>Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.</u>, 429 U.S. 477, 489 (1977).

Next, the plaintiff must establish that he "is an efficient enforcer of the antitrust laws." <u>Florida Seed Co., Inc. v. Monsanto Co.</u>, 105 F.3d 1372. 1374 (11th Cir. 1997). To make this determination, the courts use the "target area test," which requires that an antitrust plaintiff both "prove that he is within the sector of the economy endangered by a breakdown of competitive conditions in a particular industry and that he is

CASE NO. 8:00-CV-785-T-17-TBM

the "target against which anticompetitive activity is directed." Natl. Independent Theatre Exhibitors, Inc. v. Buena Vista Dist. Co., 748 F.2d 602, 608 (11th Cir. 1984). "Basically, a plaintiff must show that it is a customer or competitor in the relevant antitrust market." Florida Seed Co., 105 F.3d at 489.

In the case at hand, Plaintiff has failed to establish that it suffered any injury that "the antitrust laws were designed to prevent." Section 1 of the Sherman Antitrust Act provides, in pertinent part, that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared to be illegal." 15 U.S.C. § 1. "Liability will only attach to *agreements* designed unreasonably to restrain trade in, or affecting, interstate commerce." Todorov, 921 F.2d at 1455 (emphasis in original). As stated above, Plaintiff is alleging that Defendant Smoothie King threatened to attempt to enforce a franchise and guaranty agreement that was notarized with Plaintiff's forged signature.

As provided in the Complaint, Defendant Smoothie King did not become aware of the alleged falsity of Plaintiff's signature until Plaintiff's state court proceedings against Brad and Eric Long. However, regardless of whether Defendant Smoothie King knew that Plaintiff claimed that the signatures were false, the agreement, from Smoothie King's perspective was a legal, signed, and notarized agreement, and it had every right to enforce the agreement. The fact that Defendant Smoothie King attempted to enforce what appeared to be a legal document does not make the document "an agreement designed to unreasonably restrain trade" simply because someone forged Plaintiff's signature, in which Defendant Smoothie King had no involvement. Therefore, Defendant

7

CASE NO. 8:00-CV-785-T-17-TBM

Smoothie King was not engaged in conduct that would cause antitrust injury, and the Court finds that Plaintiff has no standing to bring an antitrust claim against Defendant Smoothie King.

### III.  Intentional Interference with Business Relationships

In Count III, Plaintiff asserts a cause of action for intentional interference with business relationships because, when Defendant attempted to enforce the agreement, Plaintiff was forced to close the R.J. Smoothy store; therefore, Defendant Smoothie King interfered with Plaintiff's business relationship with R.J. Smoothy Corporation and its shareholders. Defendant Smoothie King asks this Court to dismiss this claim, asserting that it fails to state a claim because Plaintiff has failed to allege that a business relationship existed between Plaintiff and R.J. Smoothy Corporation or that Defendant Smoothie King caused a third party to terminate that relationship with Plaintiff.

To state a claim for tortious interference with a business relationship, the plaintiff must allege: 1) the existence of a business relationship between the plaintiff and a third person under which the plaintiff has legal rights; 2) the defendant's knowledge of the existence of the relationship; 3) the defendant's intentional and unjustified interference with the relationship which induces or cause the third party not to perform; and 4) injury to the plaintiff as a result. Ethan Allen, Inc. v. Georgetown Manor, Inc. 647 S.2d 812, 814 (Fla. 1994).

Here, although Plaintiff alleges the existence of a business relationship between himself and R.J. Smoothy, he has failed to

8

allege that Defendant Smoothie King knew of the existence of this relationship. Moreover, there are no facts to support that Defendant Smoothie King intentionally and unjustifiedly interfered with the relationship. As stated previously, in attempting to enforce what Defendant Smoothie King perceived to be a legal agreement between Plaintiff and itself, Defendant Smoothie King was not attempting to interfere in the business relationship with Plaintiff; rather, it was trying to vindicate the rights that the agreement created between itself and Plaintiff. Therefore, Plaintiff cannot state a claim of relief for intentional interference with business relationships against Defendant Smoothie King, and Count III mut be dismissed with prejudice.

## IV. Conspiracy to Defraud

In Count IV of his Complaint, Plaintiff attempts to assert a cause of action for conspiracy to defraud. Defendant moves to dismiss this count on the grounds that it fails to satisfy Rule 9(b) of the Federal Rules of Civil Procedure and that Plaintiff fails to state a claim for either common law fraud or conspiracy.

### A. Rule 9 and Common Law Fraud

The elements of common law fraud are "1) a false statement of fact, 2) known by the person making the statement to be false at the time it was made, 3) made for the purpose of inducing another to act in reliance thereon, 4) action by the other person in reliance on the correctness of the statement, and 5) resulting damage to the other person." Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P., 2002 WL 598427, *7 (M.D. Fla. 2002) (citing Gandy v. Trans World Computer Technology Group, 787 S.2d 116 (Fla. Dist. App. 2d 2001)). Additionally, Rule 9(b) of the

CASE NO. 8:00-CV-785-T-17-TBM

Federal Rules of Civil Procedure provides that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. Under this rule, Plaintiff must specifically identify the individuals who made the alleged misrepresentation, the time of the alleged fraud, and the place of the alleged fraud.

From the Complaint, the Court will assume that the "false statement" is Plaintiff's forged signature on the agreement. However, there are no facts alleged to support that Defendant Smoothie King knew that the signature was false, or that Defendant Smoothie King had anything to do with the alleged forgery. Taking the facts of the complaint as true, Plaintiff has failed to set forth a cause of action for common law fraud.

### B. Conspiracy

As with the conspiracy claims in Count I and II, Plaintiff fails to adequately allege a claim for conspiracy. There are no facts to support an inference that there was an agreement between Defendant Smoothie King and Defendant Skaggs or anyone else; and the allegations fail to support any overt act in furtherance of the conspiracy or an overall objective of the conspiracy. Therefore, Count IV of Plaintiff's Complaint must be dismissed.

## V. Intentional Infliction of Emotional Distress

Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress. Scelta v. Delicatessen Support Servs., 57 F. Supp. 2d 1327, 1357 (M.D. Fla. 1999) (citing Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499 (M.D. Fla. 1993)). To prevail on a claim for intentional infliction of emotional distress, a plaintiff must

10

CASE NO. 8:00-CV-785-T-17-TBM

show that: 1) the defendant negligently or recklessly inflicted mental suffering 2) by outrageous conduct; 3) the defendant's conduct caused the suffering; and 4) the suffering was severe. Id. (citing Hart v. U.S., 894 F.2d 1539, 1548 (11th Cir. 1990); and Metropolitan Life Ins. Co. v. McCarson, 467 S.2d 277 (Fla. 1985)).

The Florida Supreme Court has defined "outrageous conduct" as conduct that is so "outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life, 467 S.2d at 278-279. The determination of whether conduct is outrageous is a question of law for this Court to determine. Hare v. Citrus World Inc., 39 F. Supp. 2d 1365, 1368 (M.D. Fla. 1999).

Plaintiff alleges that Defendant Smoothie King engaged in outrageous conduct by enforcing an agreement between Plaintiff and Defendant. Plaintiff claims that because the notarized agreement was forged and Defendant knew that the agreement forged, it intentionally and recklessly inflicted mental suffering. However, Defendant Smoothie King's attempt or threat to attempt to enforce the agreement is not conduct that is so "outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Therefore, the Court finds that Plaintiff fails to state a claim against Defendant Smoothie King for intentional infliction of emotional distress, and Count V must be dismissed with prejudice.

CASE NO. 8:00-CV-785-T-17-TBM

## VI. Inspection of Corporate Records

In Count VI, Plaintiff alleges violations of Section 607.1602 and Section 607.1620 of the Florida Business Corporation Act; however, in his response to Defendant's Motion to Dismiss, he concedes that this Count is an improper cause of action. Accordingly, Plaintiff requests that this Court grant leave to amend. Because the Court dismisses all Plaintiff's claims against Defendant Smoothie King, the Court must deny Plaintiff's request for leave to amend because Count VI would be the only remaining count, and the Court would be without jurisdiction to hear this claim. Accordingly, it is

**ORDERED** that Smoothie King's Motion to Dismiss (Dkt. No. 20) be **GRANTED**. The Clerk of Court is directed to dismiss Defendant Smoothie King from the Complaint with prejudice.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 3RD day of July, 2002.

ELIZABETH A. KOVACHEVICH
Chief United States District Judge

Copies to: All parties and counsel of record

F I L E   C O P Y

Date Printed: 07/03/2002


Notice sent to:

   ___   William Randolph Klein, Esq.
William Randolph Klein, P.A.
1900 Main St., Suite 310
P.O. Box 3016
Sarasota, FL  34236

   ___   Philip V. Martino, Esq.
Piper Rudnick LLP
101 E. Kennedy Blvd., Suite 2000
Tampa, FL  33602

   ___   Christian C. Burden, Esq.
Piper Rudnick LLP
101 E. Kennedy Blvd., Suite 2000
Tampa, FL  33602

   ___   Norman M. Leon, Esq.
Piper, Marbury, Rudnick & Wolfe
203 N. LaSalle St., Suite 1800
Chicago, IL  60601-1293

   ___   Nicole Skaggs
3810 7th St. W., #105
Bradenton, FL  34209